IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,260-01






EX PARTE JUAN JOSE REYNOSO (1)








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 941651-A IN THE 263
rd JUDICIAL DISTRICT COURT


HARRIS COUNTY





 Per Curiam. 


O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 On May 12, 2004, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
article 37.071, and the trial court, accordingly, set punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Reynoso v. State, No. AP-74,952 (Tex. Crim. App. Dec. 14, 2005)(not designated for publication).

 Counsel presents one allegation in applicant's habeas application in which he
challenges the validity of applicant's conviction and resulting sentence. Although the
trial court did not hold an evidentiary hearing, the judge entered findings of fact and
conclusions of law and recommended that relief be denied. However, before this Court
ruled on applicant's habeas application, it received a document from applicant entitled,
"Pro Se Application for Appointment of New Counsel and Time to File Amended
Application for Post-Conviction Writ of Habeas Corpus." In the document, applicant
asserts that he has been deprived of his right to counsel under Article 11.071 and denied
meaningful access to state and federal court review due to his current counsel's conduct
(or lack thereof). Specifically, applicant complains that currently appointed counsel:

 1. Never visited or wrote to applicant and never provided him with copies of
pleadings or other documents so that he could assist in his defense; 


 2. Refused to take calls from applicant's family regarding the status of the case;


 3. Complained to Mandy Welch with the Texas Defender Service about
applicant's family contacting him about the case;


 4. Told Welch that he had filed a "skeletal writ" in the case "because he was
ordered to do so by the court[,]" which writ failed to raise any cognizable claims
and, therefore, does not "constitute reasonable performance by competent counsel"
and does constitute an abdication of responsibility as applicant's counsel;


 5. Acknowledged that he had done nothing else in the case; and 



 6. Specifically, told Welch that he "does not consider himself to be representing
Applicant." 

 We remand the case to the trial court to investigate and evaluate the accuracy of
the assertions set out above. In accomplishing this, the court may call witnesses, order
affidavits, hold a hearing, or obtain evidence in any other manner it deems appropriate. 

 When the trial court completes its evaluation, it shall issue written findings of fact
and conclusions of law regarding the assertions, and it shall make a recommendation to
this Court regarding what action should be taken on applicant's application for new
counsel. The record developed, along with the findings, conclusions, and
recommendation, shall be returned to this Court within 45 days after the date of this order. 

 IT IS SO ORDERED THIS THE 20th DAY OF DECEMBER, 2006.


Do Not Publish
1. Applicant's name is reflected in court documents both as "Reynoso" and as "Reynosa." 
Applicant signs his name "Reynoso." This Court will continue to use the spelling "Reynoso."